## I. C. VANMETER *v.* RODES WOODS.

**Improvements—Made on Real Property by Another Than the Owner of the Soil—Rights and Liabilities—Acquiescence.**

The appellee contributed every dollar necessary to construct the storehouse in controversy, which was built on the lands of the appellant and with his full knowledge and consent, although there was no contract between them. The appellee occupied the house for some months previous to the institution of the suit, with the acquiescence of appellant. Whilst the building was being constructed, the appellant talked with appellee about it, and spoke of the manner in which the foundation was to have been built.

Held, that a court of equity, under such circumstances, would not give to the owner of the land this expenditure of the appellee's money without some compensation, and that appellee's equitable right to recover the value of the house, less the rent, is clearly established.

APPEAL FROM WOODFORD CIRCUIT COURT.

January 10, 1872.

OPINION BY JUDGE PRYOR:

The appellee, Woods, as appears from the evidence in the case, contributed out of his own means every dollar necessary to the construction of the store house in controversy. The house was built on the land of the appellant with his full knowledge and consent, and although there is no proof of any contract between the appellant and the appellee, it is hardly to be presumed that the appellee without right, and in the absence of any contract would construct such a building upon appellants lands without some understanding in regard to his right to use and occupy it. The appellee not only built the house out of his own means, but used and occupied it for some months previous to the institution of this suit, with the acquiescence at least of the appellant. Whilst the building was being constructed the appellant talked with appellee in regard to it, and spoke of the manner in which the foundation was to have been built. At court of equity under such circumstances, would not give to the owner of the land, this expenditure of the appellees money, without some compensation, it may be and in fact, the proof shows, that an old gentleman by the name of Offut claimed to have obtained the right to build on this lot from the appellant. This, however, is not brought home to the appellee and if it was, there is no proof that the appellee entered under Offut or by reason of any agreement made between Offut and the appellant, waiving all the exceptions made by appellee to the depositions read, and looking to the whole evidence as taken, the appellee's equitable right to recover the value of the house, less the rent, is clearly established.

The judgment of the court below is therefore affirmed.

*J. R. Morton, for appellant.*

*Porter, Wallace, for appellee.*